

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 7 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

DAVIS NEUROLOGY, P.A., on §
behalf of itself and all other entities and §
persons similarly situated, §
§
§
       **Plaintiff,** §
§
**V.** §
§
       **CIVIL ACTION NO.**
CBS MEDICAL, INC. §  4.17CV214-BRW
and JOHN DOES 1-10, §
Intending to refer to those persons, §
Corporations or other legal entities §
that acted as agents, consultants, §  This case assigned to District Judge Wilson
independent contractors, or §  and to Magistrate Judge _____ Harris
representatives, §
§
       **Defendants.** §

### DEFENDANT CBS MEDICAL, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446,

Defendant CBS MEDICAL, INC. ("Defendant") removes this action to federal court and shows

as follows:

### I.

    CBS Medical, Inc. is a Defendant in a civil action now pending in the Circuit Court of

Pope County, Arkansas, being Cause No. 58cv-17-97, entitled "*Davis Neurology, P.A., on and

behalf of itself and all other entities and persons similarly situated v. CBS Medical, Inc. and

John Does 1-10, intending to refer to those persons, corporations or other legal entities that

acted as agents, consultants, independent contractors or representatives*," (the "State Court

Lawsuit"). It is a Class Action Compliant and Davis Neurology, P.A. is the representative

plaintiff ("Representative Plaintiff"). In the Class Action Complaint, Plaintiffs assert a cause of action against Defendant for violations of the Telephone Consumer Protections Act ("TCPA"), 47 U.S.C. § 227 and 47 C.F.R. § 64.1200, a federal act, and a state law claim for conversion. Class Action Complaint, p. 8-10.

## II.

Representative Plaintiff filed its Class Action Complaint on March 1, 2017. Defendant was served with the Summons and Complaint on March 10, 2017. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) within thirty (30) days of the receipt of the initial pleading setting forth the claim for relief. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the removal period begins running on the date defendant is served and receives copy of the complaint).

## III.

This suit involves a controversy arising under the laws of the United States, over which the District Courts of the United States have original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a). This suit involves a controversy which arises, if at all, under federal law. Specifically, this is an action by Representative Plaintiff alleging, among other things, violations of the TCPA. Class Action Complaint, p. 8. Representative Plaintiff also seeks treble damages under federal law. Specifically, it seeks trebled damages under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C). Class Action Complaint, p. 8-9. This Court has supplemental jurisdiction over Representative Plaintiff's state law conversion claim pursuant to 28 U.S.C. § 1367(a) and may be removed pursuant to 28 U.S.C. § 1441(c) because Representative Plaintiff's state law conversion claim is so related to its federal claim that they

form the same case or controversy and it shares a common nucleus of operative fact with the federal claim.

## IV.

Defendant will promptly give Representative Plaintiff written notice of the filing of this Notice of Removal with the Clerk of the Judicial District in and for Pope County, Arkansas, where the State Court Lawsuit is currently pending pursuant to 28 U.S.C. § 1446(d).

## V.

Pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court because this District Court and Division embraces the place where the State Court Lawsuit is pending.

## VI.   State Court Papers Attached

The following information is being attached and/or provided consistent with the requirements of 28 U.S.C. § 1446(a):

(a)     A copy of Representative Plaintiff's Class Action Complaint filed on March 1, 2017 is attached hereto as Exhibit A.

## VII.   Conclusion

1.     If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

WHEREFORE, Defendant CBS MEDICAL, INC. hereby removes the above-captioned action from the Circuit Court of Pope County, Arkansas, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

HARDIN, JESSON & TERRY, PLC
Attorneys at Law
P.O. Box 10127
Fort Smith, AR 72917-0127
Phone: 479.452.2200
Fax: 479.452.9097
*honea@hardinlaw.com*
*kdougherty@hardinlaw.com*

By:    _____
Robert M. Honea
Arkansas Bar No. 83089

Kirkman T. Dougherty
Arkansas Bar No. 91133

*ATTORNEYS FOR DEFENDANT*
*CBS MEDICAL, INC.*

## CERTIFICATE OF SERVICE

I, Robert M. Honea, one of the attorneys for CBS Medical, Inc., do hereby certify that a true and correct copy of the above and foregoing pleading has been served upon all parties by forwarding a copy of same in the United States Postal Service, postage prepaid, on this 6th day of April, 2017, addressed to:

Alex G. Streett
James A. Streett
Robert M. Veach
STREETT LAW FIRM, P.A.
107 West Main
Russellville, AR 72801
*Alex@StreettLaw.com*
*James@StreettLaw.com*
*Robert@StreettLaw.com*

Joe P. Leniski, Jr.
BRANSTETTER, STRANCH
    & JENNINGS, PLLC
227 2nd Avenue North, 4th Floor
Nashville, TN 37201
*Jleniski@branstetterlaw.com*

_____
Robert M. Honea

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

| | |
|---|---|
| DAVIS NEUROLOGY, P.A., on behalf of itself and all other entities and persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case No. 58cv-17-97 ) JURY DEMAND |
| vs. | ) ) |
| CBS MEDICAL, INC. and JOHN DOES 1-10, Intending to refer to those persons, corporations or other legal entities that acted as agents, consultants, independent contractors or representatives, | ) ) ) ) ) ) |
| Defendants. | ) |

### CLASS ACTION COMPLAINT

COMES Now Davis Neurology, P.A., on behalf of itself and all other persons or entities

similarly situated, referred to hereinafter as "Representative Plaintiff", and files this Class Action

Complaint against the Defendants CBS Medical, Inc. and John Does 1-10 and would respectfully

show the following:

### CLASS ACTION COMPLAINT

COMES Now Davis Neurology, P.A., on behalf of itself and all other persons or entities

similarly situated, referred to hereinafter as "Representative Plaintiff", and files this Class Action

Complaint against the Defendants CBS Medical, Inc. and John Does 1-10 and would respectfully

show the following:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Davis Neurology, P.A. is business offering services in Arkansas. The

business is located at 220 North Phoenix Avenue, Russellville, AR 72801. Hereinafter, Davis

Neurology, P.A. will be referred to as "'Representative Plaintiff."



**EXHIBIT**

A

2.      Defendant CBS Medical, Inc. ("CBS") is, upon information and belief, a Nebraska-based corporation, whose principal place of business is located at 206 South 13th Street, Suite 600, Lincoln, NE 68508.  CBS Medical, Inc.'s registered agent for service of process is listed as Curtis Bryan Carlson, whose address is also 206 South 13th Street, Lincoln, NE 68508.

3.      Defendants John Does 1-10 represent those persons, corporations, or other legal entities that acted as agents, consultants, independent contractors or representatives of CBS and/or who assisted CBS in creating, publishing, broadcasting and faxing the document received on the fax machine by Representative Plaintiff, whose identities at this time are unknown but will be substituted by amendment when ascertained.

4.      The claims of the class of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA").

5.      This Court has jurisdiction over this action pursuant to Ark. Code Ann. §16-4-101 et seq.  This Court has jurisdiction over the Defendants because at all relevant times, they conducted business in Arkansas.

6.      Venue is proper in this County pursuant to Ark. Code Ann. §16-55-213, et seq., in that the Representative Plaintiff has their principal place of business in and conducts business in this County.

## FACTUAL ALLEGATIONS

7.      The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code.  47 U.S.C. § 227 was last amended in 1994.

2

In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

8.     In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

9.     As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." (47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).)

10.    Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

   (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

11.    Representative Plaintiff has, and at all relevant times had, telephone service at (479) 880-0118 at its offices located 220 North Phoenix Avenue, Russellville, AR 72801 in Pope

3

County, Arkansas.  Representative Plaintiff receives facsimile transmissions at that number, using a telephone facsimile machine.

12.     The facsimile from CBS received by Representative Plaintiff on the individual facsimile machine noted above in paragraph 11 is attached hereto as Exhibit A and is hereinafter referred to as "the fax".

13.     On or about August 2, 2016, Representative Plaintiff received on its fax machine Exhibit A, which is a fax transmission advertising CBS's medical equipment and services.  The fax appeared to be a medical record of a patient and a prescription order for medical supplies requiring authorization from Representative Plaintiff.   The facts falsely represented diagnostic visits which Plaintiff never performed and requested that Plaintiff nonetheless falsely sign the faxed documents so that, upon information and belief, CBS could sell its products to Plaintiff's patients and be paid for its products by Medicare, Medicaid, or other applicable insurers.

14.  Upon information and belief, Exhibit A is a fax advertisement under the guise of a medical record and prescription order through which CBS seeks to secure the sale of and payment for its products and medical supply services to the Representative Plaintiff, the Plaintiff's patients, and others.  The fax advertisement markets commercial products and services on behalf of CBS.

15.     The fax received by Representative Plaintiff from CBS was wholly unsolicited. Representative Plaintiff had no prior business relationship with the Defendant.

16.     There was no pre-existing business relationship between Representative Plaintiff and CBS at the time Exhibit A was sent to Representative Plaintiff's fax machine.

17.     Exhibit A does not contain any Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv).

4

18.     Exhibit A does not contain an Opt-Out Notice stating that sender's failure to comply within 30 days to a request to stop sending such faxes is unlawful.

19.     Although Exhibit A lists a phone number, fax number and address at the top of the fax, they are never identified as an option to be used by a recipient to send an opt-out request to the sender of the advertisement.

20.     Exhibit A does not contain an area at the bottom of the Fax that gives the options required by law, that a recipient might use without cost to the recipient, to request that they be removed from the faxing list utilized by CBS.

21.     Defendants, and/or its employees and/or its agents, created Exhibit A and had the capability to control the contents thereof.

22.     Defendants, and/or its employees and/or its agents, determined the fax telephone numbers to which Exhibit A was sent to the Representative Plaintiff and other recipients.

23.     Upon information and belief, Defendants sent fax transmissions of Exhibit A to hundreds, if not thousands, of telephone facsimile machines located in Arkansas and other States offering their products and services.

24.     Said transmissions of Exhibit A were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

25.     Representative Plaintiff further alleges that in each instance Defendants did so willfully or knowingly.

26.     Representative Plaintiff further alleges upon information and belief that in each instance Defendants had actual notice of participation, or a high degree of involvement, in a plan to transmit unsolicited advertisements to telephone facsimile machines (by, for example, knowing the that the transmitted faxes were advertisements or participating in preparing their

5

content, providing or obtaining the fax telephone number of Representative Plaintiff or other recipients, and knowing that Representative Plaintiff or other recipients had not authorized the faxes' transmission by prior express invitation or permission).

27.    Representative Plaintiff suffered actual injury in that by sending the unsolicited fax transmission in Exhibit A, Defendants caused it to incur costs such as wasted paper, ink toner, occupied telephone line, and the time and expense incurred in receiving, reviewing, and disposing of the fax transmissions.

28.    Representative Plaintiff therefore alleges that defendants violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

## CLASS ACTION REGARDING SIMILARLY SITUATED PLAINTIFFS

29.    Pursuant to Ark. R. Civ. P. 23, Representative Plaintiff brings this action on behalf of itself and a Class of individuals defined as follows:

> All persons, natural or otherwise, in the United States and its territories who received one or more unsolicited facsimile transmissions from CBS with content substantially similar to that contained in Exhibit A during the period from four years prior to the filing of this Complaint through the present.

Excluded from the Class are: (1) CBS and any entity in which CBS has a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

30.    Upon information and belief, Representative Plaintiff alleges that noncompliant facsimile advertisements sent on behalf of the Defendants to advertise their products and services have been transmitted to hundreds, if not thousands, of telephone facsimile machines in Arkansas and, presumably, other states through an intentional and persistent course of conduct. Each such transmission constitutes a separate violation of the TCPA.   Because the Class

6

members are dispersed and are believed to number in the hundreds if not thousands, individual joinder is impractical in satisfaction of Fed. R. Civ. P. 23(a)(1). The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court.

31.     Representative Plaintiff's claims are typical of the claims of the Class, as required by Fed. R. Civ. P. 23(a)(3), in that Representative Plaintiff received an unsolicited facsimile advertisement from CBS advertising goods and services for a commercial purpose during the proposed Class Period.

32.     The factual and legal bases of CBS's misconduct are common to all members of the Class and represents a common cause of injury to Representative Plaintiff and the Class members.

33.     Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Fed. R. Civ. P. 23(a)(2) and 23(b)(3). Such common questions including, but are not limited to:

i.     Whether CBS had a business practice of sending unsolicited facsimile advertisements for its commercial goods and services in violation of the TCPA;

ii.     Whether the unsolicited facsimile advertisements sent by CBS contained an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv);

iii.     Whether CBS harmed Representative Plaintiff and the Class;

iv.     Whether Representative Plaintiff and the Class are entitled to compensatory damages and, if so, in what amount;

v.     Whether Representative Plaintiff and the Class are entitled to additional statutory damages and, if so, in what amount; and

vi.     Whether Representative Plaintiff and the Class are entitled to equitable and/or injunctive relief.

34.     Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by CBS and the relief sought is common.

35.     The Class is ascertainable, as the Class is defined using objective criteria and Class Members who received unsolicited facsimile advertisements from CBS are easily identifiable based on existing telephone records.

36.     Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Fed. R. Civ. P. 23(a)(4). Moreover, Representative Plaintiff has retained counsel with substantial experience in the prosecution of nationwide class actions. Representative Plaintiff and its counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Representative Plaintiff nor its counsel has any interests adverse to those of the Class.

**COUNT 1**
**VIOLATIONS OF 47 USC §227 AND C.F.R. § 64.1200**

37.     Representative Plaintiff re-alleges and incorporates Paragraphs 1 through 37 above as if fully set forth herein.

38.     The TCPA requires that all persons who send advertisements to fax machines must include an Opt-Out Notice fully compliant with FCC regulations enacted pursuant to the TCPA found at 47 C.F.R. 64.1200(a)(3)(iii) and (iv).

39.     As a result of the foregoing, any members of the proposed Class who received a facsimile from Defendants that did not include a fully compliant Opt-Out Notice are entitled to $500.00 in damages for each fax transmission in violation of the TCPA pursuant to 47 U.S.C.§227(b)(3)(B).

**COUNT 2**
**TREBLE DAMAGES**

8

40.     Representative Plaintiff re-alleges and incorporates Paragraphs 1 through 40 above as if fully set forth herein.

41.     Defendants' actions willfully or knowingly violated the Telephone Consumer Protection Act.

42.     As a result of the foregoing, the Court may, in its discretion, increase the amount of the statutory damages up to an amount equal to $1,500.00 per TCPA violation pursuant to 47 U.S.C.§227(b)(3)(C).

43.     The Court should use its discretion to increase the amount of statutory damages to an amount equal to $1,500.00 per TCPA violation due to the Defendants' willful or knowing conduct.

## COUNT 3
## CONVERSION UNDER ARKANSAS LAW

44.     Representative Plaintiff re-alleges and incorporates Paragraphs 1 through 44 above as if fully set forth herein.

45.     Representative Plaintiff and the Class owned the facsimile machines, and the toner and paper utilized by such machines, to which the Defendants transmitted the unsolicited faxes in question.

46.     Representative Plaintiff and the Class also had a possessory interest in the time spent by their employees, who in the course of their employment received, routed, and reviewed the unsolicited faxes in question.

47.     By sending Representative Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner, and paper to its own use.  Defendants also converted Representative Plaintiff's and the Class members'

9

employees' time to Defendants' own use.  Such misappropriation was wrongful and without

authorization and has resulted in injuries to both the Representative Plaintiff and the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a.      That the court enter an Order certifying the claims of the Representative Plaintiff

and all other persons similarly situated as class action claims set forth regarding Counts 1 and 2

as provided by Ark. R. Civ. P. 23;

b.      Pursuant to Count 1, that the Court enter judgment in favor of Representative

Plaintiff and the proposed Class against Defendants, in an amount of $500.00 for each fax

transmission in violation of the Telephone Consumer Protection Act;

c.      Pursuant to Count 2, that the Court find that Defendants willfully or knowingly

violated the Telephone Consumer Protection Act and increase the statutory damages against the

Defendants to a total of $1,500.00 for each and every fax transmission in violation of the

Telephone Consumer Protection Act;

d.      Pursuant to Count 3, that the Court find that Defendants unlawfully converted the

property owned by the Representative Plaintiff and the Class without authorization in amount to

be determined at trial;

e.      Trial by jury as to all issues so triable; and

f.      That the Representative Plaintiff and the members of the proposed Class be

granted such other and further relief as is just and equitable under the circumstances, including

injunctive relief to stop their wrongful conduct.

DATED: February 2, 2017                    Respectfully submitted,

Alex G. Streett (65038)
James A. Streett (2007092)
STREETT LAW FIRM, P.A.
107 West Main
Russellville, AR 72801
(479) 968-2030
Alex@StreettLaw.com
James@StreettLaw.com

AND

Joe P. Leniski, Jr. (TN Bar No. 22891)(PHV)
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 2nd Avenue North, 4th Floor
Nashville, TN 37201
(615) 254-8801
jleniski@branstetterlaw.com

*Attorneys for Plaintiff*

# FAX

**FROM**                                         **TO**

A S


**Phone**    (803) 832-2247 * 205              **Phone**
**Fax Number**                                  **Fax Number**

**DATE** 08/02/2016

**NOTE**

ATTENTION! GOOD DAY!
ATTACHED RX ARE NEEDS TO BE SIGN BY THE PROVIDER, PLS HAVE IT
COMPLETED AS SOON AS POSIBBLE AND FAX IT BACK TO US. THESE
ARE PENDING FOR SHIPMENT. THANK YOU!

# CBS Medical

**PRESCRIPTION**

**AUTHORIZATION REQUEST**

**SIGNATURE REQUIRED**

Call: **844.457.6903**
Fax: **855.522.2526**

| | | | |
|---|---|---|---|
| Start Date: | 08/02/2016 | Patient Name: | ████████ |
| | | Date of Birth: | ████████ |
| Doctor Name : | DR. ANTHONY DAVIS | HICN: | ████████ |
| Doctor NPI : | 1154546166 | Address: | ████████ |
| Doctor Phone | 4798800101 | | ████████ |
| Doctor Fax : | 4798800118 | Telephone: | ████████ |
| | | SHOE SZ : | ████  HT:██  WT:██ |

| | |
|---|---|
| Dispense: | L1971 - ANKLE FOOT ORTHOSIS WITH ANKLE JOINT, PREFAB, OFF-THE-SHELF |
| Quantity: | BILATERAL |
| Diagnosis: | M25.571 – Pain in right ankle and joints of right foot<br>M25.572 – Pain in left ankle and joints of left foot |
| Additional Diagnosis: | _____ |
| LON: | 99 |

Prescriber Signature : x_____
ANTHONY DAVIS

Date: x_____

**Fax to: 1.855.522.2526**
**Any Questions? Call: 1.844.457.6903**

# CBS MEDICAL

Call: **844.457.6903**
Fax: **855.522.2526**

## PRESCRIPTION

## AUTHORIZATION REQUEST

## SIGNATURE REQUIRED

| | | |
|---|---|---|
| Start Date: | 08/02/2016 | Patient Name: |
| | | Date of Birth: |
| Doctor Name : | DR. ANTHONY DAVIS | HICN: |
| Doctor NPI : | 1154546166 | Address: |
| Doctor Phone | 4798800101 | |
| Doctor Fax | 4798800118 | Telephone: |
| | | WST SZ :        HT        WT: |

Dispense: L0650 - PREFABRICATED LUMBOSACRAL SUPPORT, OTS

Quantity: 1

Directions: REDUCE PAIN BY RESTRICTING MOBILITY OF THE TRUNK

Diagnosis: 724.2 / M54.5 - LUMBAGO
724.9 / M43.8X9 - BACK DISORDER, UNSPECIFIED

Other Diagnosis: _____

LON: 99

Prescriber Signature: x_____
**ANTHONY DAVIS**

Date: x_____

**Fax to: 1.855.522.2526**
**Any Questions? Call: 844.457.6903**

## Do not use a Cover Sheet

NOTE: Medicare and other insurance payers require that the ordering physician's chart notes substantiate the diagnosis listed above, and that physician chart notes discuss why the patient requires a back brace. By signing this form, you attest that such documentation exists and will be made available upon request.

# ANTHONY DAVIS
### NPI: 1154546166
### 220 N PHOENIX AVE
### RUSSELLVILLE AR 72801
### Phone: 4796800101 Fax: 4796800118

Re: 
**Orthotic Device Need Assessment**
Exam Date:
Height:
Weight:
DOB:

## Chief Complaint

is inquiring about using orthotic bracing for her current conditions. Her chief complaint at the time of this assessment is: back pain

## Subjective

She identifies muscle related back pain in the lower lumbar region as level 7, moderate pain. Back pain has been intermittently persistent for for 3 yrs now. Conditions that cause or aggravate back pain include: walking. Treatments previously tried for back pain include: over the counter medication and rest.

Patient describes back pain as level 7, moderate pain. Back pain has been intermittently persistent for 3 yrs now. Conditions that cause or aggravate back pain include: walking. Treatments previously tried for back pain include: over the counter medication, (tylenol) rest and prescription medication (oxycodone, neurontin).

## Objective/Assessment

Back pain has been intermittently persistent for for 3 yrs now. The patient has not had any injuries related to her back pain. Treatments previously tried for back pain include: over the counter medication and rest. The patient had undergone surgery related to her back pain (). The back orthosis is prescribed for the following indication(s): contribute to pain reduction by restricting mobility of the trunk.

## Plan and Treatment Goals

Based on my conversation with and assessment of this patient, I am ordering the following: The patient has been instructed to use the back device daily, as needed

**Signature** _____          **Date**_____

        **Dr ANTHONY DAVIS M.D.**

From: A S        Fax: (803) 632-2247        To:        Fax: +1 (479) 8800118        Page 6 of 6  08/02/2016 2:47 PM

# CBS Medical

**Call: 844.457.6903**
**Fax: 855.522.2526**

## PRESCRIPTION

## AUTHORIZATION REQUEST

## SIGNATURE REQUIRED

| | |
|---|---|
| Start Date: | 08/02/2016 |

| | |
|---|---|
| Doctor Name : | DR. ANTHONY DAVIS |
| Doctor NPI : | 1154546166 |
| Doctor Phone | 4798800101 |
| Doctor Fax | 4798800118 |

Patient Name: 
Date of Birth:
HICN:
Address:

Telephone:
HT:                    WT:

| | |
|---|---|
| Dispense: | L3916 - WRIST HAND ORTHOSIS, INCLUDES ONE OR MORE NONTORSION JOINT(S), ELASTIC BANDS, TURNBUCKLES, MAY INCLUDE SOFT INTERFACE, STRAPS, PREFABRICATED, OFFTHE-SHELF |
| Quantity: | BILATERAL |
| Directions: | REDUCE PAIN FOR ARTHRITIS/ CARPAL TUNNEL/ OTHER WRIST AND HAND AILMENTS |
| Diagnosis: | M25.532 - PAIN IN LEFT WRIST  M25.531 - PAIN IN RIGHT WRIST |
| Other Diagnosis: | _____ |
| LON: | 99 |



Prescriber Signature: x_____

ANTHONY DAVIS

Date: x_____

## Fax to: 1.855.522.2526
### Any Questions? Call: 844.457.6903

## Do not use a Cover Sheet

Confidentiality Notice: This message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. CBS has strict policies regarding the content of communications, specifically Protected Health Information, any communications containing such material will be returned to the originating party with such advisement noted. If you are not the intended recipient, please contact the sender by reply fax and destroy all copies of the original message.

From: A S          Fax: (803) 852-2247          To:          Fax: +1 (479) 8800118          Page 6 of 6  08/02/2016 2:47 PM

# ANTHONY DAVIS

**NPI: 1154546166**
**220 N PHOENIX AVE**
**RUSSELLVILLE AR 72801**
**Phone: 4798800101 Fax: 4798800118**

Re: █████████████
**Orthotic Device Need Assessment**
Exam Date: ███████████
Height: ███
Weight: ████
DOB: ████

## Chief Complaint

██████████ is inquiring about using orthotic bracing for her current conditions. Her chief complaint at the time of this assessment is: wrist pain

## Subjective

Patient describes wrist pain as level 9, moderate pain. Wrist pain has been intermittently persistent for for a yr now. Conditions that cause or aggravate wrist pain include: flexion and extension of wrist. Treatments previously tried for wrist pain include: ice/heat therapy, over the counter medication, (tylenol) physical therapy, rest and prescription medication (oxycodone, neurontin).

## Objective/Assessment

Wrist pain has been intermittently persistent for for a yr now. The patient has not had any injuries related to her wrist pain. Treatments previously tried for wrist pain include: over the counter medication, physical therapy, rest and prescription medication. The patient has not had any surgeries related to her wrist pain. The wrist orthosis is prescribed for the following indication(s): to assist in restoring loss of motion of the joints following an immobilization.

## Plan and Treatment Goals

To assist in restoring loss of motion of the joints following an immobilization. Improvement in patient's pain

Signature _____          Date_____

       Dr ANTHONY DAVIS M.D.

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

| | |
|---|---|
| DAVIS NEUROLOGY, P.A., on behalf of itself and all other entities and persons similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>CBS MEDICAL, INC. and JOHN DOES 1-10, Intending to refer to those persons, corporations or other legal entities that acted as agents, consultants, independent contractors or representatives,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.58CV-17-97
JURY DEMAND

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

CBS MEDICAL, INC.

A lawsuit has been filed against you.   The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: STREETT LAW FIRM, P.A., 107 West Main Street, Russellville, AR 72801.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Address of Clerk's Office
100 West Main Street
Russellville, AR 72801

CLERK OF COURT

_Lyn Wescott_
[Signature of Clerk or Deputy Clerk]

Date: _03-01-2017_

No. 58cv-17$\mathcal{91}$     **This summons is for**      CBS MEDICAL, INC.

### PROOF OF SERVICE

☐ I personally delivered the _____ to the individual at _____ _____[place] on _____ [date]; or

☐ I left the _____ in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the _____ at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the _____ to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the _____ on the _____ by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the _____ by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____
_____
_____
_____
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____                    SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone:   _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____
_____
_____
_____
_____