IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVIS NEUROLOGY, P.A., on
behalf of itself and all other entites
and persons similarly situated                                                      PLAINTIFF

VS.                                         4:17-CV-00214-BRW

CBS MEDICAL, INC., *et al.*                                                       DEFENDANTS

## ORDER

Pending is Defendant's Motion for Summary Judgment (Doc. No. 42).  Plaintiff has responded.[1]  For the reasons set out below, the Motion is GRANTED.

I.   BACKGROUND[2]

Defendant sells durable medical equipment ("DME") like back braces and knee braces. Defendant hired Chronos Strategies to promote its products and initiate the process of getting a request to a patient's doctor.  According to the call transcripts, potential patients contact Chronos who then push (quite aggressively) Defendant's products and the fact that they are "free" to the patient.  For example

| | |
|---|---|
| Representative: | Thank you for calling Rapid Relief . . . do you have Medicare, the red, white, and blue card? |
| Caller: | Yes. |
| * * * | |
| Representative: | Do you have back pain, knee pain, or shoulder pain? |
| Caller: | I have a lot of ankle pain. |

---

[1]Doc. No. 50.

[2]Unless otherwise noted, the Background is from the Statements of Undisputed Material Facts (Doc. Nos. 44, 51)

| | |
|---|---|
| Representative: | Ankle pain.  Aside from your ankle pain, do you also have back pain? |
| Caller: | Yes. |

\* \* \*

| | |
|---|---|
| Representative: | So you'll be happy to know that this is all covered by your Medicare at absolutely no cost to you. |

\* \* \*

| | |
|---|---|
| Representative | Congratulations [Patient], you have been approved for your pain-relieving back brace and knee brace today, okay? |
| Caller: | I don't need a knee brace. |

\* \* \*

| | |
|---|---|
| Representative | And do you also need a shoulder brace?  Because you may also qualify for a shoulder brace.[3] |

After finding out what products a patient wants, Chronos collects relevant information, fills out a form (which resembles a doctor's medical records), and faxes the form to the patient's treating doctor.  This is done because Defendant must get a prescription and order from a treating doctor declaring the medical necessity of the product in order to get reimbursed by Medicare or insurance.

The fax, not the content of the call, is at issue in this case.  Plaintiff's patient called Defendant and requested braces.  Defendant faxed a form to Plaintiff, the treating physician, requesting his signature so that his patient could receive a brace from Defendant (which Medicare or insurance would pay Defendant for).  Plaintiff asserts that the faxed form is an unsolicited advertisement that violates the Telephone Consumer Protection Act of 1991 ("TCPA").

---

[3]Doc. No. 43, Exhibit 4 (filed under seal).

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[4] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[5]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[6] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[7] A court must view the facts in the light most favorable to the party opposing the motion.[8] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[9]

---

[4] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[6] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[7] *Id.* at 728.

[8] *Id.* at 727-28.

[9] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[10]

## III.   DISCUSSION

Plaintiff asserts that Defendant violated the TCPA because it "sent unsolicited faxes to doctors requesting that [the doctors] order new DME prescriptions for their Medicare patient through and for the commercial benefit of the Defendant."[11]  Plaintiff alleges that the faxed forms are advertisements under the TCPA, because they "contain statements promoting the quality and effectiveness" of Defendant's product.[12]

Under the TCPA, an unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."[13]

The undisputed facts are that Plaintiff's patient contacted Defendant's independent contractor and requested a brace.  The contractor collected relevant information, and faxed the form to Plaintiff at his patient's request.  Once the faxed form was signed and returned, Defendant would ship the product to the patient and bill the insurance provider or Medicare.  This is exactly the situation that existed in *Florence Endocrine Clinic, PLLC v. Arriva Medical, LLC*.[14]  Just as that court noted "[t]here is a difference between the patients in question here who had a relationship with [Defendant], had ordered the medical product in question for their treatment from [Defendant], and could only receive insurance coverage for the devices if their physician signed off on the purchase,

---

[10]*Anderson*, 477 U.S. at 248.

[11]Doc. No. 50.

[12]Doc. No. 51.

[13]47 U.S.C. § 227(a)(5).

[14]No. 3:16-CV-1289, 2016 WL 9444356 (Nov. 30, 2016).

and the generic fax to a doctor's office from a pharmaceutical company or manufacturer touting a medication or a product."[15]

Plaintiff contends that reliance on *Florence Endocrine* is misplaced because that case noted that the patient had already ordered the product, and in this case "there is no order until after a doctor returns the signed Fax."  Plaintiff is incorrect.  Just as in *Florence Endocrine*, a patient <u>ordered</u> the product, but it would not be fulfilled (presumably because that's the only way Defendant would get paid) until the doctor signed-off on the order.  Additionally, Plaintiff "cites no decision that determines that a fax requesting that a physician complete an order form at the behest of a specific patient qualifies as an 'advertisement' under" the TCPA.[16]

## CONCLUSION

For the same reasons discussed in *Florence Endocrine*, the faxed forms are not unsolicited advertisements under the TCPA.  Accordingly, Defendant's Motion for Summary Judgment is GRANTED.  However, I decline to exercise supplemental jurisdiction over Plaintiff's state-law conversion claim, so it is dismissed without prejudice.

IT IS SO ORDERED this 28th day of June, 2018.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[15]*Id.* at *3.

[16]*Florence Endocrine Clinic, PLLC v. Arriva Medical, LLC*, 858 F.3d 1362 (11th Cir. 2017).